OPINION OF THE COURT — bv
Chief Justice TURNER.
Declaration contains the common counts in assumpsit; pleas upon as* sumpsit and payment and issues.
Plaintiff offered a witness, sworn on voire dire, and court allowed defendant’s attorney to ask questions on the merits. Plaintiff objected to this? and excepted on being over-ruled — but court admitted witness.
Plaintiff’s witness, Wm. Stampley stated—
That Evans let his plantation and ten hands to Arnet & Stampley, for the consideration of 30 bales cotton of 400 lbs. each.
Evans had borrowed 7 bales of cotton of Arnett, and agreed that they should pay part of the rent. Arnett put in two more hands, purchased provisions, &c.; and during the lease, four of Evan’s slaves thus hired were levied on, and taken away, and lessees went on with the others, about 7; some ran away. Evans further agreed to take a proportionate share, according to the hands furnished. Stampley quit in July, and settled with Evans for his interest in the premises.
The crop amounted to 164 bales, and Evans took it all except the toll for ginning.
The plaintiff’s counsel needlessly called for an opinion from the. court, and the jury disregarded it, and went into the merits.
Defendant, by his plea and account filed vs. Arnett’s alne, admits the sight of plaintiff solely.
*473 It is very strange that the plaintiff, who had his cause fully before the jury, should have called for a charge from the court; but he had a right to call for it, and the court charged the jury, but contrary to the wishes of the plaintiff, and it is not known what effect the charge had on the verdict of the jury. From the state of the pleadings, the jury had a right to find against the plaintiff’s claim, in whole, or in part, and to find, according to the evidence for the defendant, the whole, or any part of his off-set.
We are then to consider whether the charge of the court was correct in point of law.
O’Neal vs. Richardson. — ('Decided by this court.)
3 Starkie, 1761.
2 Phillips, 83 in ea.
7 Cranch, 299.
4 Boss and Pull. 357.
3 Saunders, 350, in 2.
4 East. 147.
6 “ 564.
These authorities show conclusively, that the court erred in the charge given to the jury, viz: that plaintiff should be confined to the special agreement, and could not recover upon the common counts.
It would appear strange that a plaintiff should be confined to the special ■agreement, and not he allowed to recover, when the defendant is allowed to recover, on the same agreement, a balance due him, without spit, and merely on the plea of payment.
The judgment must be reversed, the verdict set aside, and the cause remanded for a new trial in the court below-, with costs to abide the. event of the suit.